IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                Civil Action No.: 2:26-CR-10

MIGUEL ANGEL AGUIRRE

    Defendant.

**DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S
MOTION FOR DETENTION HEARING REGARDING
<u>MATERIAL WITNESS MANUEL MARVIN TZOC-TZEP</u>**

Defendant Miguel Angel Aguirre, by counsel, respectfully opposes the government's motion seeking detention of Manuel Marvin TzocTzep as a purported "material witness."

**I.    INTRODUCTION**

This motion presents a narrow but fundamental question: whether the government may invoke the material-witness statute to detain an uncharged individual already in federal immigration custody for the purpose of securing custodial testimony to use in a criminal prosecution. The statute does not permit it. The Constitution forbids it.

Congress authorized material-witness detention only as an extraordinary and strictly limited measure to secure the presence of a witness who would otherwise be unavailable for lawful process. Here, the government seeks something entirely different. It asks this Court to impose additional judicial detention—not to secure appearance at trial, but to preserve testimony before the consequences of its own enforcement decisions take effect. Section 3144 was never intended to function as an investigative tool, a substitute for timely witness interviews, or a mechanism to manufacture testimonial evidence from a detained and vulnerable individual.

The constitutional stakes are equally clear. Continued detention of an uncharged witness under these circumstances threatens the witness's Fifth Amendment liberty and self-incrimination protections while simultaneously undermining Mr. Aguirre's Sixth Amendment confrontation and due-process rights. Permitting custodial testimony created through government-controlled confinement—particularly where the government itself controls the witness's potential removal—would cross the constitutional boundary between lawful testimony preservation and compelled evidence.

Because the government's request exceeds the limits of § 3144 and conflicts with core constitutional guarantees, the motion for detention must be denied.

## II. BACKGROUND

The government asks this Court to authorize detention of Mr. Tzoc Tzep, an uncharged immigrant witness subject to deportation, purportedly to preserve testimony for trial. The motion concedes that the government's objective is to secure testimony through Rule 15 procedures rather than to ensure appearance at trial.

According to the government's own motion, Mr. Tzoc-Tzep is already confined in federal immigration custody. Yet the government seeks additional (double) judicial detention under 18 U.S.C. § 3144. This layered custody is not designed to prevent flight; it is designed to facilitate government control over a vulnerable witness who it failed to interview prior to presenting an indictment against Mr. Aguirre to the grand jury in this case. Despite the nature of the government's request, Mr. Tzoc-Tzep and Mr. Aguirre have constitutional rights that warrant protection by this Court.

## III.   GOVERNING LAW

### A.  Section 3144 strictly limits detention of material witnesses

Congress authorized material witness arrest only in extraordinary circumstances and imposed a categorical prohibition: "A material witness *may not be detained* if the testimony can adequately be secured by deposition and further detention is not necessary to prevent a failure of justice." 18 U.S.C. § 3144. This limitation reflects fundamental constitutional principles: (1) liberty may not be restrained for convenience, and (2) uncharged individuals may not be held in punitive or coercive custody.

### B.  The Constitution protects both the witness and the accused

Detention of Mr. Tzoc-Tzep implicates:

#### 1.  *Fifth Amendment liberty interests of the witness*

Detention of an uncharged person is permissible only when strictly necessary. Unnecessary confinement becomes punitive, violating substantive due process. *See Doe v. Becerra*, 732 F. Supp. 3d 1071, 1080 (N.D. Cal. 2024) (providing that if conditions of civil immigration confinement are equivalent to or more restrictive than criminal detention, they are presumptively punitive and violative of due process) (citing *King v. Cnty. of L.A.*, 885 F.3d 548, 557 (9th Cir. 2018)).

#### 2.  *Fifth Amendment right of the witness against self-incrimination*

The privilege against compelled self-incrimination applies to all persons subjected to custodial interrogation within the United States, including non-citizens and material witnesses. *See Minnesota v. Murphy*, 465 U.S. 420, 437-38 (1984) (compulsion exists where penalty attaches to silence). *See also Miranda v. Arizona*, 384 U.S. 436 (1966); *Kastigar v. United States*, 406 U.S. 441 (1972).

3. *Sixth Amendment rights of Mr. Aguirre*

The government may not manipulate custody or testimony in ways that undermine confrontation rights, produce coerced or unreliable testimony, or distort the adversarial process. *See United States v. Moore*, 11 F.3d 475, 479 (4th Cir. 1993). Courts must therefore scrutinize material witness detention with heightened constitutional care.

IV. **ARGUMENT**

A. **The government seeks to use the material witness statute as an investigative tool**

The premise of the government's motion to detain is not that Mr. Tzoc-Tzep will evade lawful process. Instead, the government seeks detention to control the timing, setting, and manner of testimony of a detained individual. That is not what § 3144 permits.

Material witness detention cannot be used to: (1) secure a custodial interview, (2) pressure cooperation, or (3) preserve testimony outside the ordinary trial process. A material witness arrest warrant serves the purpose of securing a witness's presence at a trial or grand jury proceeding, but it does not authorize a person's arrest and prolonged detention for purposes of investigative interrogation by the police or a prosecutor. *See United States v. Awadallah*, 349 F.3d 42 (2d Cir. 2003). *See also Simon v. City of New York*, 727 F.3d 167, 173–74 (2d Cir. 2013) (abusing the material witness statute and using detention as a coercive mechanism was not a prosecutorial function s entitled to absolute immunity from liability under § 1983).

The government had the opportunity to interview Mr. Tzoc-Tzep prior to his arrest by federal authorities on January 16, 2026. It chose not to. Instead, it chose to arrest, detain, and attempt to deport Mr. Tzoc-Tzep. The government then chose not to charge Mr. Tzoc-Tzep despite charging at least 8 other individuals connected to the same ICE raid with crimes. *See*

Case Nos. 26-cr-10, 26-cr-11, 26-cr-12, 26-cr-13, 26-cr-14, 26-cr-15, 26-cr-15 (SDWV). The government now indicates that they are worried that Mr. Tzoc-Tzep will be deported before he can testify in a trial in this case. In other words, the government is proposing to use detention and a Rule 15 deposition as a mechanism to relieve themselves from the situation it created.

Indeed, the government now seeks extraordinary judicial detention to remedy circumstances of its own making. After electing to arrest, detain, and pursue removal of Mr. Tzoc-Tzep—while declining to charge him—the government invokes § 3144 not to secure a reluctant witness, but to preserve testimony before the consequences of its own enforcement decisions take effect. The material-witness statute does not authorize detention to cure a self-created exigency.

The Sixth Amendment independently bars the procedure the government contemplates. The Confrontation Clause prohibits admission of testimonial statements where the government itself caused the witness's unavailability. *See Barber*, 390 U.S. at 724–25. Detaining a witness in immigration custody, facilitating removal, and then substituting preserved testimony would constitute precisely the form of government-manufactured unavailability the Constitution forbids.

## B. Additional detention is unlawful because the witness is already in federal custody

Mr. Tzoc-Tzep is presently confined by ICE authorities. The government therefore faces no realistic risk of disappearance unless of course the government, itself, choose to deport him. Because custody already exists, further judicial detention is not necessary, and § 3144's statutory threshold cannot be satisfied. Redundant incarceration of an uncharged person—without necessity—constitutes arbitrary physical restraint prohibited by the Fifth Amendment. *See Becerra*, 732 F. Supp. 3d at 1080.

### C. The government's request threatens Mr. Aguirre's confrontation and due process rights

The contemplated procedure would preserve testimony outside the presence of the jury and potentially outside meaningful adversarial safeguards. Where the government: (1) detains a vulnerable witness, (2) controls the custodial environment, and (3) seeks to substitute preserved testimony for live testimony, the risk of coercion, distortion, and unreliability is profound.

The Constitution does not permit the government to manufacture unavailability through its own actions (ICE detention and removal) and then rely on preserved testimony at trial. *See Barber v. Page*, 390 U.S. 719, 724–25 (1968); *Crawford v. Washington*, 541 U.S. 36 (2004); *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009).

### D. The circumstances raise serious concerns of improper law enforcement conduct

Publicly available information[1] surrounding the seizure and custody of immigrant workers in this case and the related cases raise the possibility that:

(1) the witness himself may be a victim of improper enforcement tactics;

(2) law enforcement may have relied on coercive or discriminatory practices; and

(3) continued detention risks compounding any underlying constitutional violation.

Authorizing further detention in this context would risk judicial endorsement of a process that may already be constitutionally infirm. At minimum, such concerns require the Court to exercise maximum caution before permitting additional restraint of liberty or preservation of testimony outside the ordinary trial process.

---

[1] Cindy Briggs-Biondi, *ICE Raid at Nitro's Rio Grande Restaurant Shows Humanity at Its Worst* (available at: https://www.newsfromthestates.com/article/ice-raid-nitros-rio-grande-restaurant-shows-humanity-its-worst (last visited Feb. 5, 2026).

## V. RELIEF REQUESTED

At stake is not merely the custody of a single witness, but the constitutional boundary between lawful testimony preservation and compelled evidence produced through detention. The Court should enforce that boundary here.

For these reasons, Defendant Miguel Angel Aguirre respectfully request that the Court:

1. DENY the government's motion for detention of Manuel Marvin Tzoc-Tzep;

2. Prohibit use of custodial testimony preservation procedures that would circumvent confrontation and due process rights; and

3. Grant any further relief the Court deems just and proper.

MIGUEL ANGEL AGUIRRE,

**By Counsel**.

/s/ Andrew J. Tessman
Ryan McCune Donovan (WVSB #11660)
Andrew J. Tessman (WVSB #13734)
Maureen F. Gleason (WVSB #14452)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
681-265-3802 *office*
304-982-8056 *fax*
rdonovan@hfdrlaw.com
atessman@hfdrlaw.com
mgleason@hfdrlaw.com

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing document has been electronically filed and service has been made on all parties of record by virtue of electronic mail this the 5th day of February, 2026.

                                                         */s/ Andrew J. Tessman*
                                                         Andrew J. Tessman (WVSB #13734)