```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. 2:26-cr-00010

**MIGUEL ANGEL AGUIRRE**
**MIGUEL AGUIRRE-ARELLO SR.**

**GOVERNMENT'S REPLY TO DEFENDANT MIGUEL ANGEL AGUIRRE'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION HEARING REGARDING MATERIAL WITNESS MANUEL MARVIN TZOC-TZEP**

Comes now the United States of America, by Jonathan T. Storage, Assistant United States Attorney for the Southern District of West Virginia, and respectfully submits its reply to defendant Miguel Angel Aguirre's Response (ECF No. 48). For the reasons stated here, the Court should grant the government's motion for a detention hearing (ECF No. 37).

I.  DISCUSSION

   A. **The defendant lacks standing to challenge the potential detention of the material witness.**

In the first instance, the defendant failed to show in his Response (ECF No. 48) how he has standing to challenge whether a material witness should be briefly detaining pending either (1) the taking of the witness's deposition or (2) the completion of the criminal trial. The government submits that he does not have standing.

A material witness who has been arrested on a material witness arrest warrant has a right to a bond/detention hearing, and that right is a personal one. It cannot be vicariously asserted. The United States Supreme Court and the Fourth Circuit have consistently held that constitutional and due process rights are personal, and where they apply to individuals who are not defendants, defendants cannot vicariously assert them. See, e.g., Rakas v. Illinois, 439 U.S. 128, 133–34 (1978) ("Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted."); see also United States v. Castellanos, 716 F.3d 828, 833 (4th Cir. 2013) ("A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. Conversely, suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence. The 'capacity to claim the protection of the Fourth Amendment depends upon whether the person who claims the protection has a legitimate expectation of privacy in the invaded place.'" (internal quotation marks and citations omitted) (cleaned up)); see also United States v. Wilford, 961 F. Supp. 2d 740, 757 (D.

Md. 2013), on reconsideration in part (Nov. 27, 2013), aff'd, 689 F. App'x 727 (4th Cir. 2017) ("[A] defendant has no standing to challenge the admission of evidence illegally obtained from co-conspirators.").[1]

The defendant has offered absolutely no legal authority demonstrating he has standing to challenge a material witness's potential detention. Such bond/detention due process rights are personal rights, and the government asserts that the defendant lacks standing on the issue. The objections contained in the defendant's Response should be overruled on this point alone.

### B. The defendant's various arguments challenging the potential taking of the material witness's deposition are inapposite to issues of witness detention.

Nearly the entirety of the defendant's Response is comprised of arguments challenging the concept of a potential deposition of the witness in the context of the defendant's own constitutional rights at trial. These issues are not pertinent to the matter of witness detention.

The government has filed a motion to take the deposition of the material witness, and the undersigned attorney for the government understands that the motion will be considered by the trial judge, United States District Judge Joseph R. Goodwin. The

---

[1] The government has not identified any published case where a defendant has challenged the detention of a material witness's pretrial detention, let alone prevail on the issue.

government contends that the defendant's arguments should be directed to Judge Goodwin in the form of a response to the government's deposition motion (ECF No. 39). Accordingly, the defendant's objections should be overruled.

## II. CONCLUSION

For the reasons stated herein, the government requests that the Court overrule defendant Miguel Angel Aguirre's arguments in his Response (ECF No. 48) because (1) he lacks standing to challenge the material witness's detention and (2) his arguments raise issues to be decided by the trial judge.

Respectfully submitted,

MOORE CAPITO
United States Attorney

By:
s/Jonathan T. Storage
JONATHAN T. STORAGE
Assistant United States Attorney
WV State Bar No. 12279
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: Jonathan.Storage@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "GOVERNMENT'S REPLY TO DEFENDANT MIGUEL ANGEL AGUIRRE'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION HEARING REGARDING MATERIAL WITNESS MANUEL MARVIN TZOC-TZEP" has been electronically filed and service has been made on opposing counsel by virtue of electronic mail this the 6th day of February, 2026, to:

>Roger L. Lambert, Esquire
>LAMBERT LAW OFFICES
>P.O. Box 588
>Hurricane, WV 25526
>Email: rlambert@lambertlawwv.com
>
>Paul E. Stroebel, Esquire
>Stroebel & Stroebel, PLLC
>P.O. Box 2582
>Charleston, West Virginia 25329
>Email: paulstroebel1@gmail.com
>
>Andrew J. Tessman, Esquire
>HISSAM FORMAN DONOVAN RITCHIE
>Suite 210 700 Virginia Street East
>Charleston, WV 25301
>Email: atessman@hfdrlaw.com

>>s/Jonathan T. Storage
>>JONATHAN T. STORAGE
>>Assistant United States Attorney

5