IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:26-cr-00010

MIGUEL ANGEL AGUIRRE
MIGUEL AGUIRRE-ARELLO, SR.

**ORDER**

Pending before the court is the United States's (the "Government") Motion to Take the Deposition of Rosmery Marales-Mejia, [ECF No. 76]. The Defendants, Miguel Angel Aguirre and Miguel Aguirre-Arello Sr., responded in opposition, [ECF Nos. 77, 79], and the Government replied, [ECF Nos. 78, 84]. The matter is ripe for review.

**I.  BACKGROUND**

On January 16, 2026, federal law enforcement raided the Rio Grande Mexican Restaurant in Nitro, West Virginia, executing a federal search warrant. [ECF No. 1] (The criminal complaint that initiated the case was signed by Special Agent Taylor and United States Magistrate Judge Dwane L. Tinsley.). Officers had a second warrant to search the residence next to the restaurant. Law enforcement arrested nine individuals at the restaurant who were "unlawfully present in the United States and were employed at the" restaurant. *Id.*

One of those arrestees was Rosmery Morales-Mejia, who was indicted on February 3, 2026, for using an immigration identification document having reason to know the document was false, in violation of 18 U.S.C. § 1546(b)(2). *United States v. Morales-Mejia*, No. 2:26-cr-00016, [ECF Nos. 1, 6] (S.D. W. Va.). She is scheduled to appear in front of this court for a combined plea

and sentencing hearing on March 10, 2026. *Id.* at [ECF No. 25]. Following that hearing and the service of her sentence, Ms. Morales-Mejia will be delivered to the custody of Immigration and Customs Enforcement ("ICE") for deportation. [ECF No. 76].

After the raid on the Rio Grande Mexican Restaurant, agents learned that Defendants Aguirre and Aguirre-Arello, owner and manager of the restaurant, had allegedly violated the law of the United States. [ECF No. 1]. On February 3, 2026, a grand jury returned an Indictment against Defendants, [ECF No. 24]. The Indictment alleges that Defendants, aiding and abetting each other, hired an authorized alien (Count One); knowingly made false material statements or representations in an immigration document (Count Two); and harbored an alien for the purpose of commercial advantage and financial gain (Count Three). *Id.* at 1–3.

Now the Government moves to depose Rosmery Morales-Mejia in the present case against Defendants Aguirre and Aguirre-Arello. [ECF No. 76]. Defendant Aguirre opposes the motion on the grounds that Federal Rule of Criminal Procedure 15 depositions are limited, the Government has not established true unavailability, the Government has not shown the information sought to be material or non-cumulative, and that Rule 15 cannot be used as a discovery substitute. [ECF No. 77]. Defendant Aguirre-Arello opposes the motion on mostly the same grounds. [ECF No. 79].

**II.    LEGAL STANDARD**

"A party may move that a prospective witness be deposed in order to preserve testimony for trial." Fed. R. Crim. P. 15(a)(1). Relief is not freely given; instead, the "court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). The authorization of a deposition under Rule 15 "does not determine its admissibility," Fed. R. Crim. P. 15(f), and the Federal Rules of Evidence govern the admissibility of the

deposition. Any party that objects to the "deposition testimony or evidence must state the grounds for the objection during the deposition." Fed. R. Crim. P. 15(g).

### III.    DISCUSSION

The question before the court is narrow: should the Government be permitted to depose a witness that it will deport before trial?[1] In this case, the answer is no.

The court may grant a motion under Rule 15 "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). While the decision is well within the district court's discretion, it "should be exercised carefully" because freely granting these motions "would create risks that parties would seek to use depositions as a discovery device in criminal cases." *United States v. Mann*, 590 F.2d 361, 365 (1st Cir. 1978). Of course, live testimony is preferred over the use of deposition testimony. *Barber v. Page*, 390 U.S. 719, 721 (1968). The Supreme Court has observed:

> The primary object of the [Confrontation Clause] was to prevent depositions or ex parte affidavits, such as were sometimes admitted in civil cases, being used against the prisoner in lieu of a personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.

*Mattox v. United States*, 156 U.S. 237, 242–43 (1895).

---

[1] There is no doubt that the United States *may* depose a prospective witness; even if it is not in the usual course of business, it is clearly authorized by the Federal Rules. Fed. R. Crim. P. 15(a)(1). Additionally, Defendants' argument that Ms. Morales-Mejia's deposition testimony would be immaterial and cumulative is premature. [ECF Nos. 77, 79]. These are admissibility arguments. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). The authorization of a deposition does not determine its admissibility. Fed. R. Crim. P. 15(f) ("An order authorizing a deposition to be taken under this rule does not determine its admissibility. A party may use all or part of a deposition as provided by the Federal Rules of Evidence."). In the same way, the Defendants' Confrontation Clause arguments are also premature. Those arguments are more appropriately brought in pretrial motions. *See United States v. Smith*, 117 F.4th 584, 601 (4th Cir. 2024) ("And the Supreme Court has recognized that **Rule 15** comports with the purposes of the Confrontation Clause." (citing *Maryland v. Craig*, 497 U.S. 836, 845–46 (1990))).

The Government moves to depose Rosmery Morales-Mejia, a pregnant noncitizen living in the United States. [ECF No. 76]. Although she is not a criminal defendant in this case, she is a criminal defendant in another case before this court. *United States v. Rosmery Morales-Mejia*, No. 2:26-cr-00016 (S.D. W. Va. Feb. 3, 2026). She is scheduled to appear before the court for a plea and sentencing hearing and is likely to be deported after the service of her sentence and before the trial scheduled in this action. *Id.* at [ECF No. 25]. To preserve her testimony, the Government seeks to depose her while she is still in the country.

Defendants blame the Government for Ms. Morales-Mejia's potential unavailability. A witness is not unavailable "unless the prosecutorial authorities have made a good faith effort to obtain his presence at trial." *United States v. Smith*, 117 F.4th 584, 600 (4th Cir. 2024) (King, J.) (citing *Barber v. Page*, 390 U.S. 719, 724–25 (1968)). Whether the Government has made a "good faith effort" to make a witness available is a question of reasonableness, "resolved through a highly fact-intensive inquiry." *Id.* at 601. Reasonableness does not, however, require the Government to exhaust "every possible means of obtaining the witness's presence at trial." *Id.*

Here, the Government has identified that Ms. Morales-Mejia is likely to be deported and unavailable for live testimony at trial, but it has not identified any effort on its part to make the witness available.[2] This omission is concerning especially because the Government itself has exclusive control over Ms. Morales-Mejia's availability.

The problem the Government faces is one of its own making. The recent increased enforcement of federal immigration law clearly shows that the Government prioritizes immigration

---

[2] Rule 15 is "generally used when a witness may not be available to testify at trial, not simply when it would be burdensome or inconvenient for the witness to appear." *Trump v. Vance*, 591 U.S. 786, 846 n.15 (2020) (Alito, J., dissenting).

enforcement over other law enforcement.[3] Now it has come full circle: the Government's appetite to deport as many people as possible hinders its ability to actually prosecute criminal conduct because its own witnesses are being removed from the country.

These circumstances are far from exceptional, and the court finds them plainly insufficient.

## IV.   CONCLUSION

For these reasons, the Government's Motion to Depose, **[ECF No. 28], is DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendants and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:   February 25, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[3] This court has recently been assigned 17 cases where immigrants and noncitizens of the United States are detained in civil and administrative immigration enforcement at the local state jail. *Cruz-Choc v. Mason*, No. 2:26-cv-136, [ECF No. 7] (S.D. W. Va. Feb. 24, 2026) (ten petitioners, now severed into ten separate cases); *Dominguez Izaguirre v. Mason*, No. 2:26-cv-121, [ECF No. 15] (S.D. W. Va. Feb. 24, 2026) (seven petitioners, now severed into seven separate cases). In each, the Petitioners challenge their continued detention without a hearing, custody determination, or individualized assessment. *See also, e.g.*, *Aroca v. Mason*, --- F. Supp. 3d ---, 2026 WL 357872 (S.D. W. Va. Feb. 9, 2026) (Goodwin, J.); *Solano v. Mason*, No. 2:26-cv-00045, --- F. Supp. 3d ---, 2026 WL 311624 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.); *Mehari v. Mason*, No. 2:26-cv-00039, 2026 WL 316034 (S.D. W. Va. Feb. 5, 2026) (Johnston, J.); *Gonzalez v. Aldridge*, No. 3:26-cv-00055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026) (Chambers, J.); *Uulu v. Aldridge*, No. 3:26-cv-00073, 2026 WL 401200 (S.D. W. Va. Feb. 12, 2026) (Chambers, J.); *Umarov v. Mason*, No. 2:26-cv-00081, 2026 WL 381614 (S.D. W. Va. Feb. 11, 2026) (Berger, J.); *Abdugafforov v. Mason*, No. 2:26-cv-00092, 2026 WL 474000 (S.D. W. Va. Feb. 19, 2026) (Goodwin, J.); *Uulu v. Mason,* No. 2:26-cv-00074, 2026 WL 475127 (S.D. W. Va. Feb. 19, 2026) (Goodwin, J.).